(79 N. W. Rep. 853.)

---

HENRICK F. EDDIE *et al. vs.* NICKOLAI EDDIE, *et al.*

Opinion filed May 12, 1899.

### Lex Loci—Descent and Distribution.

Where both the personal and real property of an intestate is situated within this state, which is also his domicile at the time of his death, the laws of this state govern the descent and distribution thereof, following the rule that the descent of personal property is governed by the law of the domicile of the owner, and real property by the law of the place where situated.

### Adoption of Illegitimate Children.

Chapter 8 of the Civil Code, relating to the adoption by adult persons of minor children other than their own by the procedure therein provided, requires that the persons adopting be inhabitants of the state. Section 2806 of this chapter, which provides for the adoption of an illegitimate child by its father by acts and conduct, construed, and *held*, that the adoption in law which results from the adoption in fact, is the same in legal effect as that resulting from an adoption by decree of court. Further, that the adopting parent must be domiciled within the state when the act of adoption occurs. Where both the father, mother, and their illegitimate children were domiciled in a foreign kingdom, whose laws made no provision for the adoption of illegitimate children by their father, such as exists in this state, the conduct of the father toward them in recognizing them as his own children, treating them as such, and contributing to their support, all occurring in the foreign state, and entirely discontinued after leaving the foreign country and coming into this jurisdiction, do not constitute an adoption under the laws of this state.

### Right of Bastard Child to Inherit.

The right of an illegitimate child to inherit from its father is given by section 3744, Rev. Codes, found in the chapter on succession. Under this section he may inherit when the father has acknowledged him as his child by an instrument in writing, properly witnessed, but then only from his father directly, and not the estates of his lineal or collateral kindred,—and then as an illegitmate child. But, under the same section, if the legal relation of parent and child has been established by an adoption under section 2806, Rev. Codes, he is clothed with the full rights of inheritance of a legitimate child.

Appeal from District Court, Grand Forks County; *Fisk, J.*

Action by Henrick Ferdinand Eddie and Axel Eddie against Nickolai Eddie and others. Judgment for plaintiffs. Defendants appeal.

Reversed.

*J. A. Sorley,* for appellants.

The plaintiffs are the illegitimate children of decedent, born in the Kingdom of Norway, where they still reside, all acts of recognition by which it is claimed they became legitimated took place in Norway. In the absence of proof it will be presumed that the common law prevails there. *Starr* v. *Peck,* 1 Hill, 270; *Throop* v. *Hutch,* 3 Abb. Pr. 23; *Abell* v. *Douglas,* 4 Denio. 305; *Holmes* v. *Boughton,* 10 Wend. 75; *Harvey* v. *Ball,* 32 Ind. 98. A person acts with reference to the law of his domicile. Under the common law an illegitimate child was incapable of becoming legitimaized. Inheritance is governed by the lex rei sitae but legitimacy is to be ascertain by the lex domicilii. *Ross* v. *Ross,* 129 Mass. 243; *Blythe* v. *Ayers,* 31 Pac. Rep. 915; In re Grove, 40 Ch. Div. 216; *Munn* v. *Munn,* 1 Rob. Scot. App. H. L. 492; *Sheldon* v. *Patrick,* 1 Macq. 535; *Miller* v. *Miller,* 91 N. Y. 315, 43 Am. Rep. 669. The law of the domicile of origin governs the state and conditions of a person in whatever country he may remove to. Story Confl. Laws, § 93; *Smith* v. *Kelly's Heirs,* 23 Miss. 170, 55 Am. Dec. 87; *Scott* v. *Key,* 11 La. Ann. 232; *Ross* v. *Ross,* 37 Am. Rep. 321; In re Goodman's Trust, L. R. 17 Ch. Div. 266; *Van Vorhis* v. *Brintwall,* 86 N. Y. 18; *Lingen* v. *Lingen,* 45 Ala. 411; *Dayton* v. *Askesson,* 14 Am. St. Rep. 763.

*Tracy R. Bangs* and *Wm. H. Standish,* for respondent.

The lex rei sitae governs the descent of real property and the domicile the distribution of personal property. 24 Am. & Eng. Enc. L. 425-427; *Carrol* v. *Carrol,* 20 Tex. 731; Story's Confl. Laws, 359-390. The heirship law of the state in which the property is located controls its descent. *Van Horn* v. *Van Horn,* 77 N. W. Rep. 846; *Caldwell* v. *Miller,* 23 Pac. Rep. 946; *U. S. Inv. Co.* v. *Caldwell,* 152 U. S. 65, 14 S. E. Rep. 504; *Harvey* v. *Ball,* 32 Ind. 98; In re Olivers' Estate, 39 Atl. Rep. 72; In re Washchers' Estate 36 Atl. Rep. 1124; *Leonard* v. *Braswell,* 36 S. W. Rep. 685; *Ewing* v. *Sneed,* 22 Am. Dec. 41; *Harris* v. *Harris,* 2 S. W. Rep. 549; *Blythe* v. *Ayers,* 31 Pac. Rep. 915. The word "adopts" as used in our statute means "legitimates." *Blythe* v. *Ayers,* 96 Cal. 532, 31 Pac. Rep. 919. Bastards legitimated in their own country by their home law will be refused the right to inherit real estate left by the parent in another state where the laws of the latter do not authorize such legitimation. *Stolze* v. *Doering,* 112 Ill. 234; *Kegan* v. *Greghty,* 101 Ill. 26; *Lingen* v. *Lingen,* 45 Ala. 410; *Barnum* v. *Barnum,* 42 Md. 251; *Smith* v. *Door,* 75 Am. Dec. 461; *Kimball* v. *Kimball,* 16 So. Rep. 783. Legitimatizing statutes should be liberally construed to effect their object, the giving of heirship rights

to natural children. Public recognition legitimates. *Crane* v. *Crane*, 31 Ia. 296; *Blair* v. *Howell*, 28 N. W. Rep. 199; *Bailey* v. *Boyd*, 59 Ind. 297; *Brock* v. *State*, 85 Ind. 397; *Van Horn* v. *Van Horn*, 77 N. W. Rep. 847.

YOUNG, J. This is a contest between the two sets of children of one Henrick Nickolai Eddie, deceased, to determine the right of succession to his estate. Eddie, the decedent, died in Grand Forks county October 9, 1886, without will, and possessed of considerable property, both personal and real, situated in that county. Henrick Ferdinand Eddie and Axel Eddie, who are plaintiffs herein, are the natural children of decedent. The defendants are his children by marriage, and are legitimate. The entire contest is as to the right of these natural children to share in the estate of their father by inheritance, under the laws of this state. The estate was probated in Grand Forks county, and final decree made, establishing the heirship of the defendants, and providing for a distribution of the estate in accordance with such findings. It appears that up to that time the existence of these natural children was unknown to the legitimate heirs. At least no claim was asserted by them in the probate court until some time after the final decree, when they presented a petition to that court setting out all of the facts upon which they base their right to inherit, asking that the decree establishing heirship and ordering distribution before made be vacated, and that they be permitted to share in the distribution of the estate as heirs of their father. The decree of the Probate Court, made after a full hearing of the evidence, denied their right to inherit. From that decree plaintiffs appealed to the District Court, where the decision of the Probate Court was reversed, and a decree was entered finding that plaintiffs were the legitimated children of decedent, and as such were his heirs, and directing the Probate Court to take such steps as were necessary to admit them to a full participation in the estate as heirs. From this decree the defendants appeal ot this Court for a review of the same questions presented below.

The undisputed facts which are pertinent to the issues are these: Henrick Nickolai Eddie, the decedent, was born in the Kingdom of Norway in 1843, near Levanger, where he resided continuously until 1869, when he came to the United States, where he lived thereafter and up to the time of his death. Prior to coming to this country he cohabited with one Sarah Rinnan, who also lived at Levenger. The plaintiffs are the issue of this intercouse; Henrick Ferdinand Eddie, born in 1861, and Axel Eddie, born in 1865. Both of these children lived with their mother up to the time of her death, which occurred about 20 years ago, and have always resided in Norway. There is no claim that their parents were ever married. After coming to this country, and in 1871, at La Crosse, Wis., Henrick Nickolai Eddie, the decedent, married Oleaana Gorden. The defendants are the issue of that marriage. After leaving Norway, in 1869, decedent never saw or communicated with the plaintiffs

or their mother in any way. Neither did he ever acknowledge these children as his own by written instrument. The plaintiffs base their right to inherit upon a claim that they were adopted by their father, and thereby became legitimated, and, as a result, became his heirs under the laws of this state. The material facts upon which the claim of adoption rests are found in the seventh finding of fact of the District Court, which is as follows: "That during all the time after the birth of each of said plaintiffs, and up to the date of the immigration of said Henrick Nickolai Eddie to the United States of America, said Henrick Nickolai Eddie treated each of these plaintiffs as if he were a legitimate child of him, said Henrick Nickolai Eddie. That during said time be furnished support and maintenance to each of said children and to their said mother. That during said time he corrected and reproved said children. That during said time he lived a portion of the time with the said children and their said mother at Levanger, aforesaid. That during all of said time the said Henrick Nicolai Eddie publicly acknowledged each of said children, Henrick Ferdinand and Axel Eddie, as his own." The district Court, in its conclusions of law, found that plaintiffs were adopted by decedent as his own children, by his acts, prior to 1869, and that they were his heirs at law, and as such entitled to participate in the distribution of his estate. It will be noticed that all of the acts of the decedent which it is contended amount to an adoption of plaintiffs occurred in Norway, when he and plaintiffs and their mother were all residents of that kingdom. There is nothing in the record to show what the law of Norway is, or that there is any legal authority in that country for the legitimating or adoption of bastard children./ Neither is it at all material, for appellants do not claim to have been legitimated and given the capacity to inherit by the laws of their own country, but rest their alleged status of legitimated children and claim to inheritable blood solely upon the laws of this state, where their father resided at his death, and where the estate is situated. / It is contended that the acts of recognition by their father which occurred in Norway prior to the year 1869, which are set out in the finding of fact before quoted, legitimized and made them heirs under section 2806, Rev. Codes, which reads as follows: "The father of an illegitimate child by publicly acknowledging it as his own, receiving it as such with the consent of his wife, if he is married, into his family, and otherwise treating it as if it was a legitimate child, thereby adopts it as such, and such child is thereupon deemed for all purposes legitimate from the time of its birth. The foregoing provisions of this chapter do not apply to such an adoption." The District Court reached the conclusion that there had been an adoption, and consequent legitimation, under this statute. Accepting the facts found by that court as true, we are yet not able to reach the same result. It is agreed that the laws of this state regulating the descent and distribution of property govern this estate. This follows necessarily from an application of the rule that personal property descends

according to the law of domicile of the owner, and real estate under the law of the place where situated, for in this case both the real and personal property, as well as the domicile of the owner, were within this state. Comity between states has not gone to the extent of recognizing the right of one state to designate the persons to whom realty situate in another state shall descend, and doubtless never will. Another principle which is as universally recognized is that the laws of each state fix the status of the persons domiciled therein. This was expressed in *Ross* v. *Ross*, 129 Mass. 243, as follows: "It is a general principle that' the status or condition of a person, the relation in which he stands to another person, and by which he is qualified or made capable to take certain rights in that other's property is fixed by the law of the domicile, and that this status and capacity are to be recognized and upheld in every state so far as they are not inconsistent with its own laws and policy." We may also say that the domicile of an illegitimate child is that' of its mother until it acquires one for itself, and that these claimants were, therefore, at all times domiciled in the Kingdom of Norway. It is apparent that the rights of claimants are determined by the construction to be given to secion 2806, Rev. Codes, upon which they rely. Is it a statute of descent or a statute fixing status? If it is a statute of descent, merely descriptive of a class of illegitimates who are thereby authorized to inherit property situated in this jurisdiction, the fact that claimants were domiciled beyond the confines of the state, and in a foreign land, will deprive them of no rights which the state may have given to them in the estate of the intestate. But, on the other hand, if it is construed as a statute of adoption, creating for those domiciled within the state a status of legitimacy between the illegitimate and its father, in all things like the adoption of another child save in the procedure, and followed by the same legal consequences, both to parent and child, then there can be no pretense that the acts which were all done without the jurisdiction, and in a foreign state, would be a compliance with the section quoted so as to constitute an adoption as so construed; for neither father, mother, children, nor property were in the state or territory when the acts of adoption are said to have occurred. Their own land attached to their status the stigma of illegitimacy. While so domiciled, it was not within the power of another state to remove it. But this absence of power to make or alter the status of the subjects of another state implies no restriction upon the right of the state to control the descent of real estate within its limits, and to lend the aid of its laws to convey their respective interests therein to such classes of persons as it may have designated as heirs, regardless of where they may be domiciled, or the status which they may have. Chapter 8 of the Civil Code, in which the section of the statute is found through which the plaintiffs claim a right to inherit, is composed of ten sections. The first seven sections provide for the adoption, by any adult person, of minor children other than his or her own, by a

decree of the District Court of the county of the residence of the adopting parent. The eighth fixes the status of the child so adopted as that of one born in lawful wedlock. The following section provides that the decree shall deprive its natural parents of all legal rights respecting it, and frees the adopted child from the obligations of obedience and maintenance to its natural parents. The chapter is concluded by the section in question, which is as strictly a statute of adoption as those preceding. By the former, one may adopt only the child of another, and then, by a decree of court, entered in the public records. By the latter a father is permitted to adopt his own child, not by public proceedings, and by written document containing and perpetuating the record of his child's disgrace, and his own shame, but by voluntarily assuming the usual relation and duties of a father; or, as expressed in the statute, "publicly acknowledging it as his own, receiving it as such with the consent of his wife, if he is married, into his family, and otherwise treating it as if it were a legitimate child." The adoption in fact is made an adoption in law, and the statute serves the same purpose as the decree, "and such child is thereupon deemed for all purposes legitimate from the time of its birth." In short, all of the mutual rights and duties of parent and child are called into being, placing upon the father the legal obligation of care, education, and support, and giving to him the custody of the child, as well as a right to its earnings; while the child so adopted becomes bound to perform all of the duties of a legitimate child. The status thus created is that of a child adopted by regular procedure of court. Section 2802 of this chapter by its language expressly limits the right of adoption by application to the District Court to inhabitants of the state. While it is true, the father of an illegitimate child is not required to pursue the same steps to legally adopt his own child, yet, in view of the fact that the same status is created, and the same mutual and legal obligations between the adopting parent and his child result, the conclusion is irresistible that this section also only applies to parents who are domiciled within the state at the time the adoption in fact occurs. This view is in accord with the holding of the Supreme Court of California, where this same statute has been in force since 1873. See *Blythe* v. *Ayres,* 31 Pac. Rep. 915. One of the legal consequences resulting from the status so created is the right to inherit, but this right does not arise from the mere act of adoption, but is elsewhere expressly given to one who has been so adopted. Chapter 41 of the Civil Code fixes the rights of succession to the estate of intestates. Section 3744 of that chapter provides for inheritance by illegitimate children. The references to inheritance by children in section 3743 of this chapter are to legitimate children. See In re Magee's Estate, 63 Cal. 414. Section 3744, Rev. Codes, reads as follows: "Every illegitimate child is an heir of the person who in writing signed in the presence of a competent witness acknowledges himself to be the father of such child; and in all cases is an heir of his mother, and inherits his or her estate in whole or in part, as the

case may be, in the same ·manner as if he had been born in law-
ful wedlock; but he does not represent his father or mother by in-
heriting any part of the estate of his or her kindred either lineal
or collateral, unless before his. death his parents shall have inter-
married and his father after such marriage acknowledges him as
his child or adopts him into his family, in which case such child
and all the legitimate children are considered brothers and sisters
and on the death of either of them intestate and without issue the
others ˙inherit his estate and are heirs, as hereinbefore provided in
like manner as if all the children had been legitimate, saving to the
father and mother respectively their rights in the estates of all
the children in like manner as if all had been legitimate. The issue
of all marriages null in law or dissolved by divorce are legitimate."
It will be noticed that by the first part of this section the father
may, by a written acknowledgment, properly witnessed, enable his
illegitimate child to inherit, and that in any case the child inherits
from its mother, but in either case the inheritance is that of an
illegitimate, and does not extend to the estates of either lineal or
collateral kindred of either parent. On the other hand, by the suc-
ceeding provisions, when the relation of parent and child has been
legally created, either by the marriage of the parents, and the sub-
sequent acknowledgment of the child by its father, or the adoption
of the child by the father into his family, such child then inherits
as a legitimate child, along with children born in wedlock. The
adoption into the family which here creates the right to inherit is
the adoption provided for in section 2806 of chapter 8 of the Civil
Code, which, as we have shown, must occur while the adopting
parent is domiciled within the state. In this case both the petitioners
and their father were domiciled in Norway when the acts of adop-
tion. are said to have occurred. Such acts did not, therefore, affect
their status in this state. The petitioners were not adopted under
the laws of this state, and are therefore not entitled to inherit under
section 3744, Rev. Codes. The judgment of the District Court is
therefore reversed. All concur.