**JAMESON et al. v. JAMESON et al.**

No. 13053—Opinion Filed July 7, 1925.

**1. Bastards—Status of Legitimacy—Right to Inherit.**

Legitimacy is a status or social condition and capacity to inherit is only one of its incidents

**2. Same—Effect of Legitimation.**

Legitimation, as a matter of law, equalizes children born out of wedlock with legitimate children.

**3. Indians — Inheritance by Bastards — Creek Law.**

Section 258 of the Creek Statutes, as codified by A. P. McKellop (Constitution and Laws of the Muskogee Nation, 1893), which provides that, "if any person claims to be the child of a deceased male person, and it should be proven that such person did not, during life, recognize the claimant as his offspring, then such claimant shall not be entitled to any share in the estate of the deceased." is a statute of descent and not of legitimation.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Wagoner County; Guy F. Nelson, Judge.

Action by Kizzie Jameson against Hepsey Jameson and others; Osano Pogue, intervener. Judgment was for plaintiff and intervener. Hepsey Jameson and others have appealed. Reversed, with directions.

George Miller, Jr., and John C. Graves, for plaintiffs in error.

Watts & Watts and E. J. Broaddus, for defendants in error.

Opinion by RAY, C. This suit involves the homestead allotment of Mose Jameson, a Creek freedman, who died intestate March 30 1908. Hepsey James n, the surviving wife, and their two children occupied the homestead allotment until this suit was commenced by Kizzie Jameson, claiming to be the daughter of Mose James; n. to recover an undivided one-fifth interest in the allotment. Osano Pogue, nee Jameson, intervened as the daughter of Mose James n and sought also to recover an undivided one-fifth interest.

The court made certain findings of fact, in which he found that Mose Jameson, a Creek freedman, died intestate in Wagoner county, Okla., on or about the 30th day of March, 1908, and left surviving him his wife, Hepsey Jameson, and their daughter, Mima Jones, nee Jameson, and Lewis Jameson, now deceased, by former marriage; that Kizzie Jameson, plaintiff, and Lizzie Anderson, and the intervener were illegitimate children of Mose Jameson, and that he had, from their birth, recognized them as his offspring in accordance with the laws, usages and customs of the Creek Nation. These findings are sustained by the evidence.

Plaintiff and intervener offered in evidence the Creek law governing descent. It was agreed between the parties "that the Creek law of descent and distribution is as is shown in the case of 153 Pacific, beginning on page 823 to 826." The case referred to is that of Butler et al. v. Wilson, 54 Okla. 229, 153 Pac. 823. In that case four sections of the Creek Statutes of 1891, compiled in 1893 by A. P. McKellop, are quoted. They are sections 258, 308, 309, and 310:

"Sec. 258. If any person claims to be the child of a deceased male person, and it should be proven that such person did not, during life, recognize the claimant as his offspring, then such claimant shall not be entitled to any share in the estate of the deceased.

"Sec. 308. From and after the passage of this act, all marriages between citizens, who are now living together as man and wife, are hereby legalized.

"Sec. 309. No new marriage shall be contracted whilst either party has a husband or wife living, nor between parties who are nearer of kin than the third degree.

"Sec. 310. Marriages may be solemnized by any of the judges of the courts of this nation, or by any ordained minister of the Gospel in regular communion with any religious society; and any marriage, contract in writing, or in the presence of two or more witnesses, who shall sign the marriage contract as such, shall be lawful."

Concerning section 258, the court, in Butler v. Wilson, said:

"We find that this section was construed by this court in Okahoma Land Co. et al. v. Thomas et al., supra (34 Okla. 681), in respect to the extent of the inheritance of the child from the putative father. Under this provision it is necessary for an illegitimate child in order to establish its right to inherit from a male member of the Creek Nation to prove that the putative father recognized the child as his offspring. Recognition of the child by a male member as his offspring was sufficient in our opinion to give the child the right to inherit, no matter how illicit or meretricious the relations were out of which he sprung."

It will be observed that the case of Oklahoma Land Co. et al. v. Thomas, 34 Okla. 681, 127 Pac. 8, is cited with approval. In that case Sharp, Commissioner, in construing sec. 258, used this language:

"There was testimony introduced showing that Dixon Scott in his lifetime had recognized Ellen and Lucretia as his offspring. The effect, however, of this recognition does not appear to legitimatize such offspring generally, and to confer upon them all the legal rights of legitimate children; but, on the other hand, the obvious purpose of the statute was to enable bastard children, recognized by the father as his offspring, to share in his estate upon his demise, thus limiting the effect of such legitimation to lineals, and that as to collaterals the taint of bastardy should still inhere."

If descent had been cast under the Creek laws, no doubt under the interpretation placed upon section 258 in Butler v. Wilson and Okla. Land Co. v. Thomas, supra, plaintiff and the intervener would have shared in the allotment of Mose Jameson, but descent was cast subsequent to the advent of statehood and the laws of descent and distribution of this state are controlling.

Section 11303 Comp. St. 1921:

"Every illegitimate child is an heir of the person who in writing, signed in the presence of a competent witness, acknowledges himself to be the father of such child, and in all cases is an heir of his mother; and inherits his or her estate, in whole or in part, as the case may be, in the same manner as if he had been born in lawful wedlock; but he does not represent his father or mother by inheriting any part of the estate of his or her kindred, either lineal or collateral, unless before his death his parents shall have intermarried, and his father after such marriage, acknowledge him as his child, or adopts him into his family; in which case such child and all the legitimate children are considered brothers and sisters, and on the death of either of them, intestate, and without issue, the others inherit his estate, and are heirs, as hereinbefore provided, in like manner as if the children had been legitimate; saving to the father and mother, respectively, their rights in the estate of all the children in like manner as if all had been legitimate. The issue of all marriages null in law, or dissolved by divorce, are legitimate."

Neither plaintiff nor intervener was recognized by Mose Jameson in writing so as to permit them to share in his estate under the quoted section. The question then is, Did their recognition by Mose Jameson as his offspring, which was sufficient under the Creek statute to entitle them to inherit from him, but not through him, entitle them to inherit from him under the provisions of the above last quoted statute?

Recognition by a male person of an illegitimate child as his offspring under section 258 of the Creek Statutes, as construed in Oklahoma Land Co. v. Thomas, supra, was of the same effect as to the rights of inheritance as the acknowledgment of one to be the father of an illegitimate child under section 11303, Comp. St. 1921. The child inherits the father's estate the same as if born in wedlock, but does not inherit any part of the estate of his kindred, either lineal or collateral. The only difference is in the manner of recognition or acknowledgment. In one case it may be by a general course of conduct, it may be in writing or otherwise, while in the other it must be in writing, signed in the presence of a competent witness.

"Legitimation of bastards, either by subsequent marriage or by an act of government, is nothing but a legal equalization of certain children illegally begotten with legitimate children." Barr on International Law, page 434; Blythe v. Ayers (Cal.) 19 L. R. A. 40.

"Legitimacy is a status or social condition, and capacity to inherit is only one of

its incidents." 5 Words & Phrases, 4090; Pratt v. Pratt, 5 Mo. App. 539.

In Oklahoma Land Co. v. Thomas, supra, it was intimated that the recognition by a male person of an illegitimate as his offspring, under section 258 of the Creek Statutes, was a partial legitimation, but we think there can be no partial legitimation. A child is either legitimate or illegitimate. Legitimation was not recognized at the common law. It is a creation of statute. Then the question is: Was section 258 of the Creek Statutes enacted as a legitimating statute or as a statute of descent? It may be observed that section 258 does not purport to change or alter the status of the illegitimate child, or confer any rights upon it until after the death of the putative father, and then only for the purpose of claiming a share in his estate. If it is a legitimating statute, then the plaintiff and intervener are entitled to share in the estate of deceased, Mose Jameson, upon the ground that their status was fixed as legitimate children by reason of being recognized as such by him while that statute was in force. If it is a statute of descent, then they do not inherit for the reason that there is no vested right of inheritance of the estate of a living person. Descent was cast subsequent to statehood and the laws of descent of the state control. Under section 11303, an illegitimate child may inherit from one who has, in writing, signed in the presence of a competent witness, acknowledged himself to be the father of such child. As to that provision, the section is a statute of descent and not a legitimating statute, for the same section thereafter provides the method of legitimating an illegitimate child; that is, equalizing children born out of wedlock with legitimate children. That method is by the subsequent intermarriage of the parents and the acknowledgment of it after marriage, by the father as his child, or adopting it into the family.

In the case of Allison v. Bryan, 21 Okla. 557, 97 Pac. 282, section 3795, Wilson's Statutes, being section 8057, Comp. St. 1921, was held to be a legitimating statute, but that section was amended by chapter 73, Session Laws 1910-11, to read as follows:

"The father of an illegitimate child, by publicly acknowledging it as his own, receiving it as such, with the consent of his wife, if he is married, into his family, and otherwise treating it as if it were a legitimate child, thereby adopts it as such, and such child is thereupon deemed for all purposes legitimate from the time of its birth. The status thus created is that of a child adopted by regular procedure of court. The foregoing provisions of this article do not apply to such an adoption."

The amendment consists of the one sentence: "The status thus created is that of a child adopted by regular procedure of court." That status is fixed by section 8057, which, as to inheritance, gives it the same status as if born to them in wedlock, except that he shall not be capable of taking property expressly limited to the body or bodies of the parents by adoption, nor property from the lineal or collateral kindred of such parents by right of representation. That status as to inheritance is similar to that created by the first part of section 11,-303, where the father in writing, signed in the presence of a competent witness, acknowledges himself to be the father of an illegitimate child, in which case the child inherits his father's estate as if born in lawful wedlock, "but he does not represent his father or mother by inheriting any part of the estate of his or her kindred, either lineal or collateral."

Applying the same rules of interpretation to section 258 of the Creek Statutes, the conclusion is forced upon us that it is a statute of descent and not of legitimation.

As construed in Oklahoma Land Co. v. Thomas, supra, it does not purport to equalize the legitimate and illegitimate children. The illegitimate child does not take by representation, but is limited in inheritance to the father's estate. The language of section 258 of the Creek Statutes justifies that interpretation.

For the reasons stated, the judgment is reversed, with directions to vacate the judgment and enter judgment against the plaintiff and intervener.

By the Court: It is so ordered.

Note.—See under (1) 7 C. J. p. 953, §26; 36 C. J. p. 988. (2) 7 C. J. p. 953, §26. (3) 7 C. J. p. 487, §26. See under (12) 3 R. C. L. p. 739: 1 R. C. L. Supp. p. 886, 5 R. C. L. Supp. p. 199. (3) anno. 23 L. R. A. p. 754: 24 A. L. R. 586; 3 R. C. L. pp. 775-777; 1 R. C. L. Supp. pp. 193, 194; 5 R. C. L. Supp. pp. 201, 202.