Note.—See under (1) 19 C. J. p. 45, §81; p. 50, §89; anno. 18 L. R. A. ( N. S.) 305; 34 L. R. A. (N. S.) 360; 9 R. C. L. pp. 242; 243; 2 R. C. L. Supp. p. 783; 4 R. C. L. Supp. p. 603. (3) 4 C. J. p. 897, §2867; p. 1192, §3230; 2 R. C. L. p. 204; 1 R. C. L. Supp. p. 442; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 81; 6 R. C. L. Supp. p. 73.

---

### DAVONIAN OIL CO. v. BROWN.

No. 18268.  Opinion Filed Oct. 4, 1927.

Rehearing Denied, Jan. 17, 1928.

(Syllabus.)

**Appeal and Error—Reversal Where no Answer Brief Filed.**

The syllabus in the case of City National Bank v. Coatney et al., 122 Okla. 233, 253, Pac. 481, is hereby adopted as the syllabus in this case.

Error from District Court, Logan County; Charles C. Smith, Judge.

Action by A. L. Brown against the Davonian Oil Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded, with directions.

Randolph, Haver, Shirk & Bridges, f r plaintiff in error.

John Adams, for defendant in error.

PER CURIAM. This is an appeal from the judgment of the district court of Logan county, wherein the plaintiff in error was defendant in the trial court and defendant in error was plaintiff. The plaintiff in error in due time served and filed its brief in full compliance with the rules of this court, but the defendant in error has wholly failed to file any brief, pleading, or to otherwise appear in this court in said cause, nor has he offered any excuse for his failure to do so. This court in the case of Ctiy National Bank v. Coatney et al., 122 Okla. 233, 253 Pac. 481, laid down the following rule:

"Where plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendant in error had neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may,

where the authorities cited in the brief filed, appear reasonably to sustain the assignments of error, reverse the cause, with directions, in accordance with the prayer of the petition in error." See, also, Chicago, R. I. & P. Ry. Co. v. Weaver, 67 Okla. 293, 171 Pac. 34; Lawton National Bank v. Ulrich et al., 81 Okla. 159, 197 Pac. 167.

In this case the petition in error prays that the judgment of the trial court be reversed, set aside, and held for naught, and that a judgment be rendered in favor of the plaintiff in error, and we find upon examination, the authorities cited by the plaintiff in error appear reasonably to sustain the contentions of plaintiff in error, and we therefore reverse the judgment of the trial court, directing it to vacate its former judgment and enter judgment in favor of the plaintiff in error.

---

### BROWN et al. v. SHWINOGEE.

No. 17763.  Opinion Filed Dec. 6, 1927.

(Syllabus.)

**1. Bastards—Acknowledgment by Father —Effect of Legitimation on Right to Inherit.**

When, under section 8057, C. O. S. 1921, a father of an illegitimate child, by publicly acknowledging such child as his own, receiving it as such into his family, and otherwise treating it as if it were a legitimate child, he thereby adopts it as such, such child is deemed legitimate from its birth, and such child inherits as a legitimate child, notwithstanding the provisions of section 11303, C. O. S. 1921.

**2. Same—Construction of Statute on Succession—"Children."**

The word "children" as found in the statutes of succession, by reason of section 3534, C. O. S. 1921, is not to be confined to strict common-law signification but includes children by birth and by adoption, and section 8057, supra, makes the status of a child legitimated that of a child adopted by regular procedure of court. When a child is legitimated under section 8057, supra, such child is included in the designation "child" or "children" when those words refer to a child or children born in wedlock.

**3. Pleading—Liberal Construction to Determine Effect.**

Under section 294, C. O. S. 1921, in the construction of any pleading, for the purpose of determining its effect, its allegations shall be liberally construed, with a view to substantial justice between the parties.

Error from District Court, LeFlore County: D. C. McCurtain, Judge.

Action by Lela May Shwinogee against Sarah S. Brown et al. to recover an undivided one-third interest in lands, for possession and quieting of title. The First State Bank of LeFlore defaulted. Judgment for plaintiff and against said bank and Sarah S. Brown, W. F. Brown, and Sam Everett Shwinogee, a minor, appearing by guardian ad litem. Sarah S. Brown, W. F. Brown, and Samuel Everett Shwinogee appeal. Affirmed.

White & Reid, for plaintiffs in error.

Whitaker & Whitaker, for defendant in error.

RILEY, J. Lela May Shwinogee sought and by the judgment recovered an undivided one-third interest in lands involved and described, of which Sam Shwinogee died seized in May, 1921. Plaintiff alleged that she was a half-sister of Lucinda Shwinogee, deceased, an enrolled citizen of the Choctaw Tribe of Indians, whose allotment descended to her sole and only heir at law, her father, Sam Shwinogee. By the judgment she secured possession of the land and quieted her title therein. A jury was waived. The evidence established that plaintiff was a child of deceased, Sam Shwinogee, and Hattie Green, Sam Shwinogee publicly acknowledged plaintiff to be his child. She was born and for years remained in his home, he sent her to school and treated her as his legitimate child.

Hattie Green, now Spencer, testified that she was the mother of plaintiff; that she and Sam Shwinogee lived together five years; that he was supposed to be her husband; they were not married according to law, but stayed together as man and wife; that he told her they were going to be married; that he drank, she was afraid, but they lived together. Other witnesses testified that Sam held out to the public that Hattie was his wife and plaintiff his child. After the birth of plaintiff, Hattie Green went away. Sam was subsequently married to Sarah S. Brown, of which marriage Samuel Everett Shwinogee, a minor, was born.

On appeal it is urged that the trial court erred in overruling defendants' demurrer to the evidence, and that the judgment is not sustained by sufficient evidence and is contrary to law.

It is contended that evidence establishing a legitimation was not properly admitted for the reason that the same was not within the issues. Proponents of this contention now say:

"Upon reflection, however, we are convinced that the testimony tended in a way at least to support the issue presented that the plaintiff was the issue of Hattie Green and Sam Shwinogee, and born of a common-law marriage between them. The evidence, as a whole, however, not only fails to show that the plaintiff was born of a common-law or other marriage between Hattie Green, her mother, and Sam Shwinogee, but shows conclusively that if she is the daughter of Sam Shwinogee, she was born of a purely illicit and meretricious relation."

We now agree with appellants that this evidence tended to establish what is known as a common-law marriage. We hold, further, it was within the issues pleaded by plaintiff that deceased left a female entitled to inherit—for the right to inherit as a child results from and is an incident of the status of legitimacy—so then not only was the purported common-law marriage an issue, but also was legitimation.

"Legitimation," says the opinion in Green v. Wilson, 112 Okla. 282, 240 Pac. 1051, "as a matter of law, equalizes children born out of wedlock with legitimate children." Jameson v. Jameson, 111 Okla. 82, 238 Pac. 426.

The statute applicable, section 8057, C. O. S. 1921, provides:

"Such child is thereupon deemed for all purposes legitimate from the time of its birth." and "The status thus created is that of a child adopted by regular procedure of court."

Provision of the statute as to adoption does not apply to such legitimation. Allison v. Bryan, 21 Okla. 557, 97 Pac. 282; Templeman v. Bruner, 42 Okla. 6, 138 Pac. 152, 139 Pac. 993; Jones v. Snyder, 121 Okla. 254, 233 Pac. 745; Harris v. Gammill, 108 Okla. 288, 236 Pac. 878.

While not brought to our attention, we are not unmindful of the provisions of section 11303 of our statutes. See Wolf v. Gall, infra.

There was no motion to make definite and certain, but the answer was in effect a general denial. The contention must fail (Fisher v. Fisher, 116 Okla. 129, 243 Pac. 730), for the word "child" is not to be confined to the strict common-law signification, but includes a legitimated child under section 8057, supra. (Wolf v. Gall [Cal.] 163 Pac. 346; Eddie v. Eddie, 8 N. D. 376, 79 N. W. 856, 73 Am. St. Rep. 765; In re Estate of Wardell, 57 Cal. 484), as well as section 3534, C. O. S. 1921, wherein it is said the term "children" includes children by birth and by adoption. Section 8057, supra, having said "The status thus

created is that of a child adopted by regular procedure of court," necessarily includes a child legitimated under the latter section.

The allegation of plaintiff's petition was an averment of an ultimate fact—as presented, the defendants are not entitled to successfully complain of the admission of the evidence. The court properly overruled the demurrer to the evidence. The judgment is sustained by sufficient evidence, it is consistent with the law, and the same is affirmed.

BRANSON, C. J., MASON. V. C. J., and HARRISON, PHELPS, LESTER, HUNT, CLARK, and HEFNER, JJ., concur.

Note.—See under (1) 7 C. J. p. 948, §20: p. 953, §26; anno. L. R. A. 1916E, 661; 3 R. C. L. p. 741; R. C. L. Supp. p. 886 4 R. C. L. p. 215; 5 R. C. L. Supp. p. 199. (2) 1 C. J. p. 1399, §128; 7 C. J. p. 948, §20. (3) 31 Cyc. p. 79; 21 R. C. L. p. 448.