### 30555. MORRIS v. DILBECK et al.

FELTON, J. 1. In an appeal from the civil court of Fulton County to the appellate division, the overruling of demurrers may not be made the ground of a motion for a new trial. Ga. L. 1933, p. 293, sec. 42 (b). There being no proper exception to the overruling of the demurrers to the answer, the appellate division did not err in refusing to pass on such issues sought to be raised in the motion for a new trial.

2. "The marriage of the mother and reputed father of an illegitimate child, and the recognition of such child as his, shall render the child legitimate; and in such case the child shall immediately take the surname of his father." Code, § 74-101. "An illegitimate child, or bastard, is a child born out of wedlock, and whose parents do not subsequently intermarry." § 74-201. Under the two provisions of the Code above cited, it seems clear that it was the intention of the law to make the child legitimate for all purposes from the date of its birth. See Blythe

*v.* Ayres, 96 Cal. 532 (31 Pac. 915, 19 L. R. A. 40) ; Re Jessup's Estate, 81 Cal. 408 (21 Pac. 976, 22 Pac. 742, 6 L. R. A. 594) ; Eddie *v.* Eddie, 8 N. D. 376 (79 N. W. 856, 73 Am. St. R. 765) ; Brisbin *v.* Huntington, 128 Iowa 166 (103 N. W. 144, 5 Ann. Cas. 931) ; Allison *v.* Bryan, 21 Okla. 557 (97 Pac. 282, 18 L. R. A. (N. S.) 931, 17 Ann. Cas. 468) ; 56 Am. D. 262; 7 Am. Jur. 667, § 59.

3. This was an action brought by the assignee of a granddaughter of S. I. Poss against the administrator of his estate and the administrator's sureties, to recover a sum alleged to have been due the granddaughter, as the balance of her share in her grandfather's estate. The sole question was whether a child of the granddaughter's father, born out of wedlock, was made legitimate by the subsequent valid marriage of its father and mother, and the recognition of the child by the father as his own. The evidence fully authorized the finding that the father and mother of the child intermarried and that the father recognized the child as his. There is no merit in the contentions that the child was not made legitimate as to any particular persons and that he could only inherit from his father. As stated, the two Code sections make the child legitimate from birth for all purposes, when the two requirements are met. The appellate division of the civil court of Fulton County did not err in affirming the judgment of the trial court overruling the assignee's motion for a new trial.

*Judgment affirmed.* *Sutton, P. J., and Parker, J., concur.*

DECIDED JULY 14, 1944. REHEARING DENIED JULY 25, 1944.

*Charles W. Anderson,* for plaintiff.
*Carl B. Copeland,* for defendants.

