In re CHEW'S ESTATE.
COX et al. v. CHEW.

No. 33096.    May 11, 1948.

*193 P. 2d 572.*

John T. Levergood, of Shawnee, for plaintiffs in error.

Scott Hendon, of Shawnee, for defendant in error.

CORN, J. Presented for consideration herein is a judgment of the district court of Pottawatomie county, affirming a judgment of the county court which approved the final account of Richard Chew, administrator of Billie Richard Chew, and decreed distribution of the estate to Richard Chew as sole and rightful heir to the decedent.

January 26, 1925, Richard Chew and Nellie Cox who were second cousins, joined in a marriage according to the methods prescribed by law in this state, but which was prohibited by statute. Thereafter they lived together as husband and wife until her death April 22, 1926, shortly following the birth of a son, Billie Richard Chew, decedent herein, also known as William David Chew.

In March, 1928, an action was brought in the superior court of Pottawatomie county, styled William David Chew, a minor, By His Next Friend, Arthur Cox, v. Richard Chew. Plaintiff was a brother of Nellie Cox. In that action it was alleged that the marriage of these parties was incestuous and void, being in violation of section 7489, C. O. S. 1921 (43 O. S. 1941 §2), as above mentioned. The case was prosecuted to final judgment wherein it was determined that the marriage was incestuous and void, but that Billie Richard Chew was the natural child of Richard Chew; that Nellie Cox left the son surviving her as sole heir and entitled to inherit the property, consisting of 40 acres of land and some personal property, of which she died seised. It was further decreed that Richard Chew could not inherit from the estate of Nellie Cox because of the incestuous marriage; quieted title to such property in said minor as against his father, and perpetually enjoined the father from asserting any claim in the estate by virtue of the marriage. In a further proceeding, a guardian was appointed for the minor. Over the years numerous guardians served until this petitioner's appointment in 1939. However, at all times, the minor resided in petitioner's home and was acknowledged as a son by petitioner, both orally and in writing, and the relation of parent and child always was maintained.

About June 1, 1945, this minor died intestate, without issue, leaving an estate composed of real and personal property, most of which was inherited from his mother. Petitioner applied for letters of administration which were granted over the objections of contestants, brothers of Nellie Cox Chew. The county court approved petitioner's final account and upon hearing of petition for distribution of the estate determined that said minor was born in color of wedlock and in legal contemplation was a legitimate child, and that the statutory inhibition against the survivor of an incestuous marriage inheriting from a deceased party to such marriage did not prevent the natural father from inheriting from the child in

such case. Objections to the allowance of the final account and to the petition for distribution were overruled, and the estate was ordered distributed to petitioner, and protestants appealed to district court.

The trial court, upon his own motion, made findings of fact and conclusions of law upon which judgment was rendered affirming the judgment originally entered in the county court. These findings and conclusions set forth the facts surrounding the marriage and decedent's birth, and that the marriage had been adjudged illegal and void, and that the statutes of this state provide for inheritance of the estates of such children who die without issue. These statutory provisions are as follows, 84 O. S. 1941 §§ 215, 216:

"Every illegitimate child is an heir of the person who in writing, signed in the presence of a competent witness, acknowledges himself to be the father of such child; and in all cases is an heir of his mother; and inherits his or her estate, in whole or in part, as the case may be, in the same manner as if he had been born in lawful wedlock; but he does not represent his father or mother by inheriting any part of the estate of his or her kindred, either lineal or collateral, unless before his death his parents shall have intermarried, and his father after such marriage, acknowledges him as his child, or adopts him into his family; in which case such child and all the legitimate children are considered brothers and sisters, and on the death of either of them, intestate, and without issue, the others inherit his estate, and are heirs, as hereinbefore provided, in like manner as if all the children had been legitimate; saving to the father and mother respectively, their rights in the estates of all the children in like manner as if all had been legitimate. The issue of all marriages null in law, or dissolved by divorce, are legitimate. (R. L. 1910, §8420.)"

"If an illegitimate child, who has not been acknowledged or adopted by his father, dies intestate, without lawful issue, his estate goes to his mother, or, in case of her decease, to her heirs at law. (R. L. 1910, §8421.)"

The trial court concluded as a matter of law that if section 215, supra, was applicable under the circumstances the petitioner was entitled to inherit; while if decedent be considered as illegitimate, then section 216 would control and petitioner would likewise inherit. The court then entered judgment decreeing petitioner to be the sole and only heir of decedent and legally entitled to inherit, regardless of whether decedent was considered as an illegitimate or legitimate child.

In seeking reversal of this judgment, plaintiffs in error (protestants) present their case under two propositions: The first of these is directed against the competency of certain testimony introduced at the trial, and also in the trial court's refusal to permit protestants to introduce other testimony. From careful consideration of the proceedings as reflected by the record herein, we are unable to ascertain wherein any of the testimony admitted prejudiced protestants' case in any manner, particularly since this matter was tried to the court.

The second contention urged by protestants makes an extensive discussion of matters not essential to the question to be considered. When reduced to simplest terms, the question for decision herein is whether a father can inherit from a son who is the child of a relationship prohibited by statute, such child having died after the death of the mother, and without issue.

84 O. S. 1941 §215 provides for inheritance on the part of illegitimate children. The closing sentence of this section states: "The issue of all marriages null in law, or dissolved by divorce, are legitimate." It is protestants' theory that this marriage between petitioner and Nellie Cox was absolutely prohibited by statute and that there could be no legal marriage between them, and hence decedent could never be otherwise than illegiti-

mate. Furthermore, it being impossible for decedent to be otherwise than illegitimate, he was an heir of his mother, and upon his decease without issue, his estate could pass only to the heirs of his mother.

This exact question has not been presented to this court heretofore, although related aspects of this problem have been considered in numerous cases, among these being: Fearnow v. Jones, 34 Okla. 694, 126 P. 1015; Brokeshoulder v. Brokeshoulder, 84 Okla. 249, 204 P. 284, 34 A.L.R. 441, and authorities cited therein; Copeland v. Copeland, 73 Okla. 252, 175 P. 764; In re McDade's Estate v. Tyner et al., 95 Okla. 120, 218 P. 532; Page v. Roddie, 920 Okla. 236, 218 P. 1092: Atkins et al. v. Rust, Adm'r, et al., 151 Okla. 294, 3 P. 2d 682; Wadsworth et al. v. Rust, Adm'r, et al., 168 Okla. 654, 33 P. 2d 799.

The trial court found, and the record herein supports the finding, that some 15 years prior to rendition of this judgment, petitioner acknowledged in writing that Billie Richard Chew was his son, and over the years continued to do so both orally and in writing; that the relationship of parent and child was at all times maintained, and that petitioner maintained decedent in his home, after remarriage, as his son. The trial court determined that if decedent was an illegitimate child, then 84 O. S. 1941 §216 would control herein. It is clear from this record that the trial court was correct.

"Illegitimate" is defined as being that which is contrary to law, and it is said that the term usually is applied to children born out of lawful wedlock. Black's Law Dictionary, DeLuxe Ed., p. 917. It is interesting to note that under some code provisions illegitimate children were divided into two classes: (1) those born of persons who, at the time of conception, might lawfully intermarry; (2) those born of persons to whose marriage some legal barrier existed. Compton v. Prescott (La.) 12 Rob. 56.

If not born in wedlock, as contended by protestants, then the most that can be said is that he was an illegitimate child, standing upon the same basis as the child of parents who made no attempt to comply with the civil laws governing marriage.

Legitimacy is said to be a status or social condition, the capacity to inherit being only one of the incidents thereto. Green v. Wilson, 112 Okla. 228, 240 P. 1051. The policy of the law is to favor legitimation of children born out of wedlock, and by both statute and judicial construction, the severity with which the law formerly dealt with such unfortunates has been tempered and softened.

10 O.S. 1941 §55 provides:

"The father of an illegitimate child by publicly acknowledging it as his own, receiving it as such, with the consent of his wife, if he is married, into his family, and otherwise treating it as if it were a legitimate child, thereby adopts it as such, and such child is thereupon deemed for all purposes legitimate from the time of its birth. The status thus created is that of a child adopted by regular procedure of court.

"The foregoing provisions of this article do not apply to such an adoption. (R. L. 1910, §4399; Laws 1910-11, ch. 73, p. 169, §1.)"

In construing this section of our statutes, we have held that the effect of legitimating a child by publicly acknowledging paternity is to make such child legitimate from birth, and thus give to such child the right of inheritance. Jameson v. Jameson, 111 Okla. 82, 238 P. 426; Brown v. Shwinogee, 128 Okla. 149, 261 P. 920; In re Buffington's Estate, 169 Okla. 487, 38 P. 2d 22; Thompson v. Thompson, 177 Okla. 437, 60 P. 2d 615.

The argument advanced by protestants is all to the effect that because the pretended marriage of decedent's parents was void by reason of the stat-

utory prohibition (43 O. S. 1941 §2), decedent was illegitimate. We cannot subscribe to such a view for, if such argument be true, then it obviously follows that section 55 (providing for legitimation of illegitimate ·children) is without meaning or effect. In the above statute, or others dealing with illegitimates, nowhere is it declared that a child resulting from a union such as in the present case cannot be legitimated. Recognition of protestants' contention could only serve to nullify the plain provision of the statute which regards as legitimate a child publicly acknowledged by the natural father, cared for in such father's home and treated in all respects as a legitimate child. Petitioner was not, by statute, forbidden to legitimate the child of his (void) marriage. That the conduct of petitioner was sufficient to establish that he both adopted and acknowledged Billie Richard Chew according to the requirements of· the statute cannot be disputed. Under the rule announced in Re Buffington's Estate, supra, it is apparent that decedent was legitimated by petitioner in satisfaction of the statutory requirements.

The record reflects that petitioner legitimated Billie Richard Chew. This being established, it follows that decedent was upon an equal footing with any natural child. Jameson v. Jameson, supra; Green v. Wilson, supra. See, also, Allison v. Bryan, 21 Okla. 557, 97 P. 282, 18 L. R. A. (N. S.) 931, and 10 O. S. 1941 §55. From this it likewise follows that under 84 O. S. 1941 §213, the petitioner succeeded to the estate of his son, who had died intestate.

Judgment affirmed.

HURST, C.J., and RILEY, WELCH, GIBSON, and LUTTRELL, JJ., concur.