Charles E. STANDRIDGE, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. 42672.

Supreme Court of Oklahoma.

May, 14, 1968.

Kay Wilson, Jr., Muskogee, for plaintiff in error.

Paul Ferguson, Dist. Atty., John D. Boydston, Jr., Muskogee, for defendant in error.

BERRY, Justice.

Involved herein is an appeal from a judgment entered upon a jury verdict of guilty in a civil action under 10 O.S.Supp.1965, § 71, for bastardy.

Complainant, a 21 year old orphan reared by foster parents, was a university student in Fayetteville, Arkansas, maintaining herself by employment as a nurse's aide in a local hospital at the time of conception. Defendant, a 39 year old married man, initiated the meretricious relationship upon meeting plaintiff, while his wife was a patient in the hospital. Upon very short acquaintance the parties inaugurated a regular, intimate relationship which culminated in complainant's pregnancy. Defendant was advised of complainant's pregnancy and subsequent birth of the child on March 12, 1963, in Springdale, Arkansas.

Following the child's birth complainant was working in Tulsa to support herself and child. Defendant got in touch with her and the interrupted intimacy was resumed. Defendant came regularly from Fayetteville to Tulsa on weekends, paid small sums for monthly support and made purchases for the child. Defendant received a divorce in April, 1963, and married complainant in Huntsville, Arkansas, on May 29, 1964. Defendant's employer transferred him to Mt. Pleasant, Texas, where the parties established a home and maintained their child. On July 28, 1964, the parties filed a petition for adoption in the County Court of Titus County, Texas. Therein they alleged marriage, birth of a child before marriage of which parties were natural parents, which child had been maintained in the parents' home since marriage.

The parties separated in September 1964, and as a result the adoption was not completed. Complainant and her child eventually established residence in Muskogee

County, where a divorce action was filed December 11, 1964, and a decree of divorce granted January 26, 1965. The petition alleged, and the trial court found, no children had been born of this union.

Complaint was made and information filed in the County Court August 10, 1966, charging defendant with bastardy. After preliminary motions and pleas to the jurisdiction had been overruled, the case was tried to a jury on May 10, 1967, and a verdict of "guilty" returned against defendant. After hearing evidence concerning the minor's needs, the court ordered defendant to pay $100.00 monthly from date of birth [March 12, 1963] to May 10, 1967, and $150.00 monthly thereafter until majority, death or emancipation. Additionally defendant was required to pay $187.00 doctor bills for prenatal care and confinement, but was credited with $380.00 prior child support payments.

Defendant's attack upon the propriety of such judgment is made under four propositions. The conclusion reached in disposition of the case obviates need for separate consideration of questions urged and argument tendered in support of these contentions.

The cause was tried upon the information issued upon complaint made and signed by complainant. Upon trial complainant's evidence unequivocally established circumstances of conception and subsequent birth of the child as alleged. By his own testimony defendant attempted to deny paternity, by discrediting complainant, and by inference establish the possible paternity of some other, unnamed person.

However, the undisputed evidence showed defendant acknowledged paternity, furnished support money, married complainant, took the child into the home established by the parties, and filed an adoption proceeding wherein he made written acknowledgment this was his natural child. Thus, it appears upon the face of the record that defendant had performed every act required under our statutes to legitimate this child and acknowledge his paternity.

A child born before wedlock is legitimated by subsequent marriage of the parties. 10 O.S.1961, § 2; Wilson v. Going, 87 Okl. 265, 210 P. 1014. A child born out of wedlock may be legitimized by (1) establishment of illegitimacy, (2) paternity, (3) public acknowledgment of the child during minority, (4) if married, reception into the husband's family with wife's consent given with knowledge of illegitimacy, (5) and treatment of the child as legitimate. 10 O.S.1961, § 55; Kirkland v. Henry, Okl., 296 P.2d 165; In re Cravens' Estate, Okl., 268 P.2d 236.

Much of our decisional law relating to legitimation of children born out of wedlock has involved problems concerning inheritance from, or by, illegitimate children. See 84 O.S.1961, § 215. In considering such matters we have stated that legitimacy is a status or social condition, as to which the capacity to inherit is only a single incident. The law favors legitimation of children born out of wedlock. In construing the statute, section 55, supra, we have pointed out requirements which make it possible to legitimize a child by performance of the conditions and requirements above enumerated. And, when a child has been legitimated by discharge of statutory requirements the child is legitimate for all purposes. In re Chew's Estate, 200 Okl. 317, 193 P.2d 572. That "adoption" as used in section 55, supra, means "legitimates", see Colpitt v. Cheatham, Okl., 267 P.2d 1003.

The infant's status as the legitimate child of complainant and defendant was fixed by the parent's marriage subsequent to birth. The child is legitimate. The judgment of the trial court, based upon the jury verdict, clearly was erroneous as a matter of law.

Defendant's initial responsibility to provide support and education for his child arises from general provisions of our law relating to parental responsibility for children. See 10 O.S.Supp.1965, § 1 et seq. Additionally, however, other statutes create a right of action to enforce the obligation

of parental support. See 10 O.S.Supp.1965, §§ 71 and 83. Section 71, supra, provides for bringing an action to determine paternity and provide support for a child born out of wedlock by a bastardy complaint enforced by the state. Enforcement of the obligation to support the child does not abate, even by death of the mother.

The companion statute, section 83, likewise creates a right of action to enforce parental support against the father of a child born out of wedlock, and permits the action by the mother, guardian, public authority, or the child. That this statute clearly intends to afford an additional remedy is disclosed by the provision " * * * if the father has acknowledged in writing that he is the father of the child, *an action to enforce this obligation* may be brought any time before the child reaches majority, but liability may be imposed for only the proceeding three years. * * *" (emphasis supplied)

The evidence of both complainant and defendant clearly showed defendant's written acknowledgement of paternity. Jurisdiction of the county court to hear and determine the matter of support for the child was invoked when the proceeding was instituted and paternity denied. Failure of the bastardy proceeding, because erroneous as a matter of law, did not divest the county court of jurisdiction to hear and determine the cause of action created by section 83, supra.

The cause of action did not change, since either statute authorized an action to establish paternity or provide support money, or both. Because the issue of the child's legitimacy was beyond consideration did not serve to divest the county court of jurisdiction to adjudicate the cause of action based upon defendant's obligation to provide for his child's support and education, since one part of the original proceeding was to enforce this obligation. The remedy afforded by section 83, supra, is available because of the singular status of the child of the parties.

The judgment of the trial court insofar as it purports to adjudicate the status of the child is reversed as being contrary to law. The provision in the judgment charging defendant with charges for prenatal care and confinement is reversed, because barred under 10 O.S.Supp.1965, § 84. As modified the judgment otherwise is affirmed.

IRWIN, V. C. J., and BLACKBIRD, HODGES and LAVENDER, JJ., concur.

JACKSON, C. J., and WILLIAMS and McINERNEY, JJ., dissent.

McINERNEY, Justice (dissenting).

I concur in the views expressed in the majority opinion that the child, under the evidence presented, was legitimated by the the subsequent marriage of the natural parents and the father's written acknowledgment of paternity. Since the child is legitimate, I would simply reverse and remand with directions to dismiss.

I am authorized to state that WILLIAMS, J., concurs in the views herein expressed.