## WOOD v. STEIL *et al.*

No. 652.    Opinion Filed November 16, 1910.

1.    **JUDGMENT—Vacation—Second Application—Procedure.** A second application to vacate a judgment or order, founded upon facts which were known or should have been known to the party when making the first application, should not be considered by the court in the absence of leave first had to file the same.

2.    **APPEAL AND ERROR—Vacation of Judgment—Discretion.** An order of court vacating or refusing to vacate an order or judgment rests much in the discretion of the court and will not be disturbed on appeal unless plainly erroneous.

(Syllabus by the Court.)

*Error from District Court, Muskogee County; John H. King, Judge.*

Action by M. F. Steil, A. H. Steil and A. L. Gibbs, co-partners, as Iowa-Missouri Land Company, against B. F. Wood, Sr. Judgment for plaintiffs. From denial of petition to vacate same, defendant brings error. Affirmed.

*Bert C. Wood* and *O. T. Gilbertson,* for plaintiff in error.
*Thomas A. Jenkins,* for defendants in error.

DUNN, C. J. This case presents error from the district court of Muskogee county, and originated prior to statehood in the United States commissioner's court, sitting at Muskogee. From the judgment of that court the cause was appealed to the United States Court of the Western District of the Indian Territory, and by operation of law was transferred to the district court of Muskogee county on the incoming of statehood. It was regularly assigned for trial November 17, 1908, and, on its being called for hearing, counsel for defendant, who was appellant, did not appear. Counsel for plaintiff filed motion to dismiss the appeal for want of prosecution, which motion was on the same day taken up, considered by the court, and the cause dismissed. On the next day, to wit, November 18, 1908, the defendant filed a motion to reinstate the cause, alleging therein that defendant's counsel was informed and believed that the cause was set for November 18, 1908, instead of November 17, 1908; and that there was a good defense to the action. The court, on the hearing of the said motion to reinstate, overruled the same and adhered to its previous order or judgment of dismissal. Ten days thereafter, and on November 28, 1908, the defendant, to secure the same relief which had been denied on his previous motion, filed a petition under section 6094, Comp. Laws of Oklahoma, 1909, which provides that:

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made. * * * Seventh, for unavoidable casualty or misfortune, preventing the party from prosecuting or defending."

Counsel in his petition set up the same facts as were contained in his motion, and also an additional fact, to wit, that he had been prevented by illness from being present in court on the 17th day of November, 1908, and that, had he not been so prevented, he would have been in court at the time of the calling of the setting. In addition thereto, his petition contains a statement of defense to the action. Counsel for plaintiff filed a counter affidavit, the tendency of which was to call into ques-

tion the illness alleged by counsel for defendant as the unavoidable casualty or misfortune which prevented him from appearing and prosecuting his appeal. This petition, which sought to vacate the order previously made, was denied, and from this defendant has brought the case to this court by petition in error and casemade.

Counsel for defendant in error in this court urge two grounds as reasons why the judgment of the trial court should be sustained: First, it is insisted that a second application to vacate a judgment, founded upon facts which were known or should have been known to the party when making the first, should not be considered by the court. This statement of the rule seems to be well supported by authorities, and, in our judgment, in the absence of leave first obtained, a second application for the same relief on the same grounds, or on grounds which were then or should have been known to counsel to exist, ought not to be favorably entertained, in order that the trial of actions may not be by piecemeal or become a series of experiments. Authorities supporting this conclusion may be noted as follows: 15 Ency. Plead. & Prac., pp. 300, 301, 302, where numerous authorities are cited in the notes; 23 Cyc. 974; *Smith v. Wachob et al.*, 179 Pa. St. 260: *Swanstrom v Marvin*, 38 Minn. 359; *Weller v. Hammer*, 43 Minn. 195; *McCord v. McCord*, 24 Wash. 529, 64 Pac. 748. See, also, as pertinent to the same question, the cases of *Jensen v. Barbour*, 12 Mont. 566, and *Bailey v. Taaffee*, 29 Cal. 423.

It is said in the syllabus to the case of *Swanstrom v. Marvin, supra,* that:

"A second application for such relief, founded upon facts which were known, or should have been known, to the party when making the first, should not be considered by the court."

The application to set aside an order or judgment by default rests much in the discretion of the court and will not be disturbed by an appellate court unless plainly erroneous. As is said in the case of *Bailey v. Taaffee et al., supra,* on the matter of this discretion:

"It is not a mental discretion, to be exercised *ex gratia,* but a legal discretion, to be exercised in conformity with the spirit of the law, and in a manner to subserve and not to impede or defeat the ends of substantial justice. In a plain case, this discretion has no office to perform, and its exercise is limited to doubtful cases where an impartial mind hesitates. If it be doubted whether the excuse offered is sufficient or not, or whether the defense set up is with or without merit *in foro legis,* when examined under those rules of law by which judges are guided to a conclusion, the judgment of the court below will not be disturbed."

In this case the court had all of the parties before it and was called to pass upon the merits of the application presented. To do this it was necessary to weigh the showing made on the part of both parties and to exercise its judgment and discretion in the premises. So, from the consideration of either question presented, we conclude that the denial of the petition to reinstate the cause was not error.

The judgment of the trial court is, accordingly, affirmed.

All the Justices concur.