**COPELAND et al.v. COPELAND et al.**

No. 8145—Opinion Filed Oct. 22, 1918.

(175 Pac. 764.)

**1. Marriage—Validity—Presumption — Burden of Proof—Sufficiency of Evidence.**

When a marriage has been consummated in accordance with the form of the law, the law indulges a strong presumption in favor of its validity. One who asserts the invalidity of such a marriage, because one of the parties thereto has been formerly married and the spouse of such former marriage is still living, has upon him the burden of proving that the first marriage has not been dissolved by divorce or lawful separation. Syllabus, Haile v. Haile, 40 Okla. 101, 135 Pac. 1143.

The evidence of the plaintiffs in this cause, who attack the validity of the marriage of one of the defendants on the ground that she married a person who had a wife living and undivorced, is examined, and held sufficient to meet the above requirements.

**2. Bastards—Legitimacy—Inheritance.**

Under section 8420, Revised Laws of 1910,

which provides: "The issue of all marriages null in law, or dissolved by divorce, are legitimate"—a child born of a marriage contracted and consummated in accordance with the form of the law, which for any reason (such as one of the parties having a living spouse undivorced) is invalid, is legitimate, and inherits and transmits by descent as though born in lawful wedlock.

(Syllabus by Pryor, C.)

Error from District Court, Cherokee County; John H. Pitchford, Judge.

Suit by J. C. Copeland and Samantha A. Copeland Lovejoy against Martha Copeland and Elizabeth Copeland. There was a judgment in the county court for defendants, and from the judgment of the district court on appeal in favor of defendants, and from the overruling of a motion for new trial, plaintiffs bring error. Judgment rendered, decreeing plaintiffs and defendant Elizabeth Copeland the heirs of Joe Copeland, deceased, and giving each a one-third interest in his property.

Bruce L. Keenan, for plaintiff in error.

J. Berry King and R. M. Mountcastle, for defendants in error.

Opinion by PRYOR, C. On the 16th day of November, 1914, plaintiffs in error, Samantha A. Lovejoy and J. C. Copeland, filed their petition in the county court of Cherokee county in probate cause No. 1883 entitled "In the Matter of the Estate of Joe Copeland, Deceased, Martha Copeland, Administratrix," asking that they be adjudged the sole heirs at law of Joe Copeland, and that they have distributed to them whatever property the said Joe Copeland possessed at the time of his death. The defendants in error, Martha Copeland and Elizabeth Copeland, filed their answer, denying the petition, and alleging that they were the sole heirs of the said Joe Copeland, deceased, and entitled to his property upon his death. The county court, on hearing said cause on the 16th day of January, 1915, found against the plaintiffs and in favor of the defendants. From this judgment the plaintiffs appealed to the district court of Cherokee county, and said cause was heard by the district court on the 29th day of September, 1915. The district judge found in favor of the defendants and against the plaintiffs. On the 1st day of October, 1915, the plaintiffs filed their motion for a new trial, which motion was by the court on the same day overruled, to which the plaintiffs excepted, and prosecute their appeal to this court.

The undisputed facts in this case are that on the 13th day of May, 1877, Joe Copeland and Samantha A. Copeland were married in Newton county, state of Arkansas; that the plaintiff J. C. Copeland is an issue and the only issue of said marriage; that some time during the year of 1879 the said Joe Copeland left the said Samantha A. Copeland, and lived, from that date until the time of his death, in the Indian Territory; that Samantha A. Copeland never heard of him until some time after his death; that during the year 1881 the plaintiff Samantha A. Copeland, married a man by the name of Bailey Lovejoy, and lived with the said Lovejoy up and until about the time of the death of Joe Copeland; that during the year 1899 the said Joe Copeland and the defendant Martha Copeland were married in what was then the Indian Territory, and of this marriage the defendant Elizabeth Copeland was born.

The only question is controversy in the court below was the legality of the marriage between the defendant Martha Copeland and the deceased, Joe Copeland. The plaintiff claims that the marriage between the said defendant Martha Copeland and Joe Copeland was null and void for the reason that at the time said marriage was entered into the said Joe Copeland had a living wife, the plaintiff Samantha. Copeland, who had never been divorced from him. In the case of Haile v. Haile, 40 Okla. 101, 135 Pac. 1143, the court held:

"Where a marriage has been consummated in accordance with the form of the law, the law indulges a strong presumption in favor of its validity. One who asserts the invalidity of such a marriage, because one of the parties thereto has been formerly married, and the spouse of such former marriage is still living, has upon him the burden of proving that the first marriage has not been dissolved by divorce or lawful separation."

In accordance with the law as laid down by the above case, the plaintiff assumed the burden of proof and traced the said Joe Copeland from the time he left Samantha Copeland in 1879 until he married Martha Copeland in 1889, introducing testimony to show that in each jurisdiction wherein he lived no divorce had been granted.

The defendants make only two objections to the completeness of the plaintiff's testimony. It is the contention of the defendant that the evidence shows that Joe Copeland lived in the state of Texas for the period of four years, and that there is no evidence produced on the part of the plaintiff showing that no divorce had been granted in the state of Texas. The only testimony as to Copeland's residence in the

state of Texas is given by the witness Jane Rigney, who testifies that she moved to Texas on the 20th day of December, 1876; that she remembers distinctly that the year was 1876, because it was the year in which her first child was born; that in some two or three months she became acquainted with Joe Copeland; that in the month of August, 1878, she left Texas on account of the sickness of her child, and she swears positively that she was in Texas only twenty months. She is the witness of the defendant, and her testimony was given partly from personal knowledge and partly from hearsay. On the other hand, Samantha Copeland testifies that she and Joe Copeland were married in Newton county, Ark., in May, 1877. The marriage certificate, which has no frailty of memory, shows that she and Copeland were married on the 13th day of May, 1877. The defendants in their brief admit that Joe Copeland and Samantha Copeland were married on the 13th day of May, 1877. There could be no other conclusion drawn from this evidence than that Joe Copeland's residence in Texas was before his marriage to Samantha Copeland.

The other point that the defendants make against the plaintiffs' evidence is that the court clerk's certificate of Muskogee county, Okla., wherein Joe Copeland resided for about ten years, does not show that the court of which he is clerk is the only court having jurisdiction in Muskogee county of divorce suits. This is not necessary. The courts of this state take judicial notice of the other courts of the state and of their jurisdiction.

The evidence shows that the said Joe Copeland resided within the jurisdiction of the United States court of Muskogee about ten years before he married Martha Copeland. The purpose of the testimony of the court clerk is to show that there was no divorce granted in that court. By the Enabling Act (section 19) and the schedule of the state Constitution (section 27) the state courts of original jurisdiction were made successors of the United States courts for Indian Territory, and by said provisions all the records of such United States courts were transferred to the state courts. The court clerk by law is made custodian of all the court records, and it is his duty to have the care and custody of such records. The law presumes that a public official performs his duty. The state courts take judicial notice of the courts established by the acts of Congress and of this jurisdiction.

We are of the opinion that the certificate which was admitted in evidence by consent of the defendants, as though it were a deposition, is sufficient. There was very slight evidence introduced on the part of the defendants to dispute the evidence of the plaintiffs. They relied principally, if not wholly, upon the presumption in favor of the validity of the second marriage. Mr. Freeman, in his notes to the case of Pittinger v. Pittinger, 89 Am. St. Rep. 200, in regard to the evidence sufficient to overcome the presumption of divorce, lays down the rule as follows:

"If it is conceded that a person attacking a marriage, on the ground that a former spouse of one of the parties is living, must show that the first marriage has not been dissolved, still he is not required to make plenary proof of such negative averment. It is enough that he introduces such evidence as, in the absence of all counter evidence, affords reasonable ground for presuming the allegation true. When this is done the onus probandi is thrown on his adversary"—citing Schmisseur v. Beatrie, 147 Ill. 210, 35 N. E. 525; 1 Greenleaf on Evidence, 78.

The court below must have been satisfied that in the first instance the evidence of the plaintiff was sufficient to show that there had been no divorce granted. The court overruled the demurrer of the defendants to the plaintiff's evidence, and proceeded with further hearing, and yet, after the defendants had introduced no conflicting evidence, he found for the defendants.

We have considered all of the evidence carefully, and believe that it amply sustains the contention of the plaintiffs that no divorce had been granted, and hold that the second marriage was void for the reason that at the time said marriage was entered into Joe Copeland had a living wife, and no divorce had been decreed. This raises the question as to the status of the child born, Elizabeth Copeland, of the second marriage. Revised Laws of 1910, § 8420, provides:

"The issue of all marriages null in law, or dissolved by divorce, are legitimate."

This provision of this statute has never been construed by the Supreme Court, its language seems too plain for construction, and, if it means what it says, a child born of a marriage contracted and consummated in accordance with the law, though void on account of the disability of one of the parties, such as having a living spouse undivorced, is legitimate, and, being legitimate, as a natural sequence it would inherit from its parents as though it were born in lawful wedlock. This statute, however, or stat-

utes identically the same, have been construed by the Supreme Courts of California, Missouri, and Wisconsin. The Supreme Court of California held, under this provision of the statute, in the case of Graham v. Bennet, 2 Cal. 503, that children of a void marriage were legitimate and the heirs of their parents. The Supreme Court of Wisconsin, 62 Wis. 512, 22 N. W. 720, Watts v. Owens, held under a similar statute:

"A child born within the wedlock of a regular marriage which for any reason (as that the woman had another husband living) is null in law is nevertheless the legitimate child and heir of both parents."

The Missouri Supreme Court, in the case of Dyer v Brannock, 66 Mo. 391, 27 Am. Rep. 359, held under statute identical with ours:

"Under section 8, p. 328, Rev. Stat. 1825, which provides that the issue of all marriages deemed null in law * * * shall nevertheless be legitimate, a child of such a marriage will inherit and transmit by descent the same as if born of a lawful marriage."

Under this statute, and the decisions construing similar provisions, it is very evident that Elizabeth Copeland is the legitimate child and the heir of Joe Copeland and Martha Copeland, and inherits and transmits by descent property the same as if she had been born of lawful wedlock. From this view of the case this court holds that the heirs of Joe Copeland are Samantha Copeland, J. C. Copeland, and Elizabeth Copeland, each entitled to one-third of the property of Joe Copeland.

Therefore judgment should be rendered decreeing Samantha Copeland, J. C. Copeland, and Elizabeth Copeland the heirs of Joe Copeland, decreeing and giving each a one-third interest in the property of the said Joe Copeland, deceased.

By the Court: It is so ordered.