Note.—See under (1) 28 Cyc. pp. 978, 983; 25 R. C. L. pp. 154 et seq. (2) 28 Cyc. p. 1009. (3) 28 Cyc. p. 978. (4) R. C. L. p. 649, §2540.

---

## BYINGTON v. WILHELM et al.

No. 16817—Opinion Filed Nov. 23, 1926.

1. **Bastards—Law Legitimatizing Issue of Illegal Marriages Applicable Only Where Marital Relations Attempted in Good Faith.**

Section 8420, R. L. 1910 (sec. 11303, C. O. S. 1921), which provides, "The issue of all marriages null in law or dissolved by divorce are legitimate," applies only where the parties, in good faith, attempt to contract the marriage relation, against which some legal barrier exists, and not to a relation immorally entered into with full knowledge of its meretricious character.

2. **Appeal and Error—Discretion of Lower Court—Vacation of Judgments.**

Upon proper application made to vacate a judgment, the determination thereof rests largely in the discretion of the court, and its judgment will not be disturbed on appeal unless plainly erroneous and it is apparent from the record that this discretion has been abused.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court. Coal County; J. H. Linebaugh, Judge.

Mary Byington, by her mother and next friend, Melissa Folsom, brings this action against Dora Wilhelm et al., as defendants, to vacate a certain judgment of the District Court of Coal County. Judgment for defendants. and plaintiff appeals. Affirmed.

Jas. R. Wood, for plaintiff in error.

A. K. Little and McQueen & Kidd, for defendants in error.

Opinion by RUTH, C. Melissa Folsom, the mother of Mary Byington, was formerly Melissa Gibson, and was legally and lawfully married to one Morris Gibson. In 1911 or 1912, Melissa and Morris separated and Melissa went to live with Julius Byington, and after living with Julius about three years, a child was born to Melissa, the child being this plaintiff, Mary Byington. About nine or ten months before the child was born Morris Gibson, the lawful husband, visited Melissa. After the child was born in 1916,

and after the birth of Mary, and while Melissa was still the lawful wife of Morris Gibson, Julius Byington died, seised of certain lands in Coal county, the lands being his homestead allotment, he being a full-blood Choctaw Indian. Sometime after the death of Julius, Melissa obtained a divorce from Morris Gibson.

On February 17, 1917, Robinson Byington, a brother of Julius Byington, executed a deed to Dora Wilhelm, conveying the lands of which Julius died seised. This deed was duly approved by the county court of Coal county.

On May 3, 1917, Mary Byington, a minor, by her mother and next friend, Melissa Gibson, filed her petition in the district court of Coal county, in which she alleged the death of Julius Byington and his citizenship of the Choctaw Tribe, and that he died seised of this land. Plaintiff further set up the deed from Robinson Byington and wife to Dora Wilhelm and its approval by the county court, and that Robinson Byington was the brother of Julius Byington, who had no other brothers or sisters.

Plaintiff's petition admits that all the time Melissa Gibson lived and cohabited with Julius Byington no marriage ceremony was performed and that she was at all times during the cohabitation with Julius the lawful wife of Morris Gibson. In this petition plaintiff prays that the deed from Robinson Byington and wife to Dora Wilhelm be canceled; that Mary Byington be declared the only heir of Julius Byington by reason of the alleged common-law marriage, and that she be adjudged the sole owner in fee simple of the lands involved in this action.

This petition was duly signed by an attorney licensed to practice law in this state, and the petition was verified, signed by Melissa Gibson, and was not acknowledged by mark, thereby raising the presumption that Melissa could at least write her name. It was acknowledged in due form before a notary public and the suit was filed on this verified petition.

Answer was duly filed by Dora Wilhelm, and on August 2, 1917, the cause was submitted to the court, and the journal entry of judgment shows plaintiff and defendant appeared in court by their respective counsel, and further shows, "this cause was submitted to the court for trial on the pleadings, exhibits and evidence, and the court being sufficiently advised upon the issues raised, herein finds. * * *" The court then proceeds to find Melissa Gibson was the lawful wife of Morris Gibson, who was alive and not divorced prior to the death of Julius By-

ington; that Mary Byington is an illegitimate child, and if she was the child of Julius Byington and Melissa Gibson, there was no intermarriage between them and that Julius Byington had never acknowledged in writing that Mary Byington was his child, and she is not the heir of Julius Byington, and quiets title in Dora Wilhelm.

This judgment was not appealed, and after the judgment became final and on April 5, 1918, Dora Wilhelm conveyed the lands by warranty deed to Ruth West, and on May 24, 1918, Ruth West mortgaged the lands by two certain mortgages, one for $1,500 and one for $300, to Gum Brothers Company, who in turn assigned the $1,500 mortgage to Isabella J. Westman.

On November 3, 1920, Mary Byington, by her mother and next friend, Melissa Gibson, filed her petition in the district court for Coal county in which she sets up all the foregoing conveyances and makes all parties defendant; alleges Mary Byington is the legitimate child of Julius Byington and Melissa Gibson; alleges the attorney appearing for her in the action filed in 1917 was without authority to represent her and that there was fraud and collusion between the attorneys for plaintiff and defendant to obtain judgment and cheat and defraud Mary Byington of her just inheritance, and prays the former judgment be set aside, and Mary Byington be decreed the sole heir of Julius Byington and that she have title to the lands.

Answer was filed setting up the proceedings of the county court in approving the deed and the judgment of the district court in quieting title in Dora Wilhelm and their reliance upon these proceedings and that they were innocent purchasers, etc.

Upon the issues joined the court heard oral evidence, which went largely to the effect of Julius Byington and Melissa Gibson living together as husband and wife, and about the birth of the child, all of which appears to have been unnecessary, as Melissa admitted she lived with Julius while her husband was still alive and undivorced, and the record shows that during her so living with Julius Byington, she never had a child until between nine and ten months after her lawful husband visited her. She further testified one Denver Davison, attorney at law, had no authority to file the action in her name in 1917 and she knew nothing of the case, notwithstanding the verified petition shows she signed the same and acknowledged it before a notary. Denver Davison testified as to his conversation with Melissa Gibson respecting

the suit; that she appeared to know what she wanted and what she was doing. He denies any collusion, and states that, as far as he remembers, the court in the original action determined Mary Byington was illegitimate and not entitled to inherit.

The petition to vacate the judgment was heard before the same judge in 1925 who had rendered judgment in 1917, and the court denied the petition to vacate after full hearing had, and plaintiff appeals.

Plaintiff still insists that Mary Byington is the legitimate child of Julius Byington and Melissa Gibson; that this state recognizes common-law marriages; and that the presumption is in favor of the legitimacy as opposed to illegitimacy. While it is true common-law marriages have been recognized in this state under certain circumstances, it does not recognize either a common-law or ceremonial marriage where either of the parties is incompetent to contract such a relation. Counsel cites the last sentence in section 11303, O. O. S. 1921, where it is said:

"The issue of all marriages null in law, or dissolved by divorce, are legitimate"

—and further cites Copeland v. Copeland, 73 Okla. 252, 175 Pac. 764, where it was held:

"Under section 8420, R. L. 1910, which provides, 'The issue of all marriages null in law or dissolved by divorce are legitimate' —a child born of a marriage contracted and consummated in accordance with the form of law, which for any reason (such as one of the parties having a living spouse undivorced) is invalid, is legitimate and inherits and transmits by descent as though born in lawful wedlock."

The cited case is not an authority governing the instant case. Joe Copeland left a wife and child in Arkansas and came to Indian Territory and never communicated with his family, and they never knew of his whereabouts. While in Indian Territory he met and married Samantha A. Lovejoy and a child was born of such marriage.

We recognize the justice and reason of the rule in a case where a married person deceives another into the belief that he is single and capable and competent of contracting a legal marriage and thereafter they enter a ceremonial marriage, and in such a case the sins of the parent should not be visited upon the children.

No such condition presents itself in this case. This was nothing but an adulterous intercourse known by both parties to be adulterous on the part of Melissa Gibson. There was no attempt at a ceremonial marriage, and a common-law marriage was impossible under the circumstances, and to hold the child of the adultress to be the legitimate offspring of the adultress and her paramour would not only shock the conscience of the court, but would strike a blow at the very foundation of society and place a premium upon adultery and fornication. This court in Page v. Roddie et al., 92 Okla. 236, 218 Pac. 1092, discussing section 11303, supra, speaks in no uncertain terms when it says:

"The statute applies where the parties, in good faith, attempt to contract the marriage relation, against which some legal barrier exists, and not to a relation immorally entered into."

The relationship of Julius Byington and Melissa Gibson was not and could not be matrimonial, but was meretricious, and it is useless to discuss this phase of the situation at greater length. Plaintiff lays stress upon the contention that:

"The law presumes morality, and not immorality: marriage and not concubinage, legitimacy and not bastardy." Citing Hynes v. McDermott, 91 N. Y. 451.

We believe this is the universal rule in all civilized communities; certainly it is the rule in the state of Oklahoma, where this court has held in Locust v. Caruthers, 23 Okla. 373, 100 Pac. 520:

"In controversies involving heirship and legitimacy of children, the presumption of law is in favor of legitimacy, and the reason back of this presumption is that the law encourages decency and morality and right living."

This being the rule, if Mary Byington was bringing this action to be declared the heir of Morris Gibson and Melissa Gibson, lawful husband and wife, before the birth, at the time of the birth and for sometime after the birth of plaintiff, she would unquestionable be entitled to the benefit of this presumption, and where the record shows the husband visited his wife between nine and ten months prior to the birth of plaintiff, this presumption would require strict proof to rebut the same.

In Adger v. Ackerman, 115 Fed. 126, it is said:

"The legal presumption is that every child is the fruit of a lawful, rather than a meretricious union. * * * Every intendment is indulged in favor of legitimacy and it is one of the strongest presumptions of the law."

With reference to the alleged error of the court in refusing to vacate the judgment of 1917, we have hereinbefore stated that the same judge rendered the opinion in 1917 as

heard the application for vacation thereof in 1925, and the record discloses oral evidence was introduced, and this court has repeatedly held:

"An order of the court vacating or refusing to vacate an order or judgment rests much in the discretion of the court, and will not be disturbed on appeal, unless plainly erroneous." Wood v. Steil, 27 Okla. 595, 112 Pac. 1004; Philip Carey Co. v. Vickers, 38 Okla. 643, 134 Pac. 851.

A careful examination of the record fails to disclose any abuse of discretion on the part of the trial court, or that its decision overruling the petition to vacate the former judgment was erroneous.

Having reached this conclusion, it is unnecessary to consider the question of the several conveyances being made to innocent purchasers and mortgagees, who relied upon the approval of the deed from Robinson Byington to Dora Wilhelm, and upon the judgment of the court quieting title in Dora Wilhelm.

For the reasons herein stated, the judgment of the trial court should be and here is, in all matters, affirmed.

By the Court: It is so ordered.

Note.—See under .(1) 7 C. J. p. 948, §19; anno. L. R. A. 1916C, 759; 3 R. C. L. p. 723; 1 R. C. L. Supp. p. 882; 6 R. C. L. Supp. p. 195. (2) 4 C. J. p. 839, §2824; 34 C. J. p. 365, §580; 2 R. C. L. p. 215; 1 R. C. L. Supp. p. 451; 15 R. C. L. p. 720 et seq. 3 R. C. L. Supp. p. 489.