## SISNEY v. SISNEY.

No. 18515.    Opinion Filed July 31, 1928.

(Syllabus.)

**Bastards—Issue of Void Marriage Legitimate Where One Spouse Acts in Good Faith.**

Under section 11303, C. O. S. 1921, which provides that "the issue of all marriages null in law or dissolved by divorce are legitimate," a child begotten before, but born after marriage, is legitimate though the marriage was void because the husband had a living wife at the time of the marriage.

Error from District Court, Cherokee County; J. T. Parks, Judge.

Action by Marion Sisney against Dora Welch Sisney. From the judgment, the former appeals. Affirmed.

Bruce L. Keenan, for plaintiff in error.

Vance & Bliss, for defendant in error.

HEFNER, J. Marion Sisney, plaintiff in error and plaintiff below, formerly resided in the state of Arkansas and while residing in Arkansas was legally married. Thereafter he left his wife in Arkansas and came to the state of Oklahoma and while his wife was still living, and without the dissolution of that marriage, on the 19th day of August, 1920, in Cherokee county, Okla., married Dora Welch Sisney, defendant in error and the defendant below.

In the early summer of 1920 the plaintiff became acquainted with the defendant and after a short courtship they were married. The defendant at the time of the marriage had no knowledge that the plaintiff had been previously married and her marriage to him was in good faith. At the time of the marriage she believed him to be a single man. After the marriage plaintiff and defendant lived together as husband and wife until about the 1st day of April, 1921, when they separated.

The defendant testified she became pregnant by the plaintiff and that she told him about it when she discovered her condition and he said they would get married pretty soon, and they were thereafter married on the 19th day of August, 1920, and the child was born on the 27th day of February, 1921, while plaintiff and defendant were living together as husband and wife; they separated about two months thereafter.

On May 13, 1924, the plaintiff filed his petition for divorce. The defendant was not served with summons, but the plaintiff and his attorney visited the defendant and after some conversation as to contributions by the plaintiff for the support of the defendant and the child, the defendant signed a waiver in which she entered her appearance and consented to an immediate hearing on the petition. The defendant testified that they said the child would get $10 per month and she would get $5. Thereafter the case came on for hearing before the district court. The court entered its decree, and among other things found:

"That the plaintiff and defendant were married in Cherokee county, Okla., on the 19th day of August, 1920, that to said union one child, Arthur Sisney, was born, and is now three years old; that at the time of said marriage, the plaintiff, Marion Sisney, had a lawful wife living in the state of Arkansas, as alleged by both parties in their pleadings; that soon after their said marriage the parties thereto separated and that the defendant is blameless of any wrong in the premises whatever."

The plaintiff was awarded a decree of divorce and the custody of the minor child was given to the defendant. The defendant

did not appear and did not offer any testimony. This decree was entered on May 28, 1924, and on April 25, 1927, the plaintiff filed a motion to modify the decree and alleged for the first time that Arthur Sisney was not the legitimate child of plaintiff, and defendant. On May 28, 1927, after a full hearing of the evidence, the court denied the motion of the plaintiff and in its decree found as a matter of fact that Arthur Sisney was the legitimate child of the plaintiff and defendant.

Section 11303, C. O. S. 1921, is in part as follows:

"* * * The issue of all marriages null in law or dissolved by divorce, are legitimate."

In the case of Copeland v. Copeland, 73 Okla. 252, 175 Pac. 764, this court had occasion to construe this statute and therein it was said:

"This provision of this statute has never been construed by the Supreme Court, its language seems too plain for construction, and, if it means what it says, a child born of a marriage contracted and consummated in accordance with the law, though void on account of the disability of one of the parties, such as having a living spouse undivorced, is legitimate, and, being legitimate, as a natural sequence it would inherit from its parents as though it were born in lawful wedlock."

The facts in the Copeland Case are the same as the facts in this case, except in the instant case the defendant was pregnant at the time of her marriage with the plaintiff. The trial court found that the plaintiff was the father of the child and the evidence is sufficient to support that finding.

The plaintiff urges that a child begotten out of wedlock is not made legitimate by a subsequent marriage of the parties when there is such a barrier to such marriage as to make it null in law. To support this contention he relies upon the case of Byington v. Wilhelm, 120 Okla. 190, 250 Pac. 1025. In that case the parties were never married and each of them had a living spouse, and each knew the other had such a spouse. There was no attempt of a formal marriage, and under the facts in that case, a common law marriage was impossible.

In the case at bar the defendant at the time of her marriage with the plaintiff did not know he had a living wife. She believed him to be a single man. The plaintiff, therefore, led her to believe he was single and capable and competent of contracting a legal marriage. She was single

and competent of entering into a legal marriage. They did enter into a ceremonial marriage. The Byington Case, supra, is not applicable to the facts in this case. The exact facts in this case were before the Supreme Court of Kentucky in the case of Swinney et al. v. Klippert et al., 50 S. W. 841, and the syllabus in that case is as follows:

"Under Kentucky Statute 2098, providing that 'the issue of an illegal or void marriage shall be legitimate', a child begotten before, but born after, marriage, is legitimate, though the marriage was void because the husband had a living wife at the time of the marriage."

In the Kentucky case, the only question involved was the legitimacy of Ed. F. Swinney. It was insisted that, as he was begotten before marriage, he was at common law a bastard and would remain such, even though his parents intermarried before his birth, the father at the time of such marriage having a living wife; that at common law a void marriage would not legitimize an illegitimate child; that nothing short of a valid marriage would suffice for such marriage. It was admitted that if Ed. F. Swinney had been begotten after marriage he would have been regarded in law as legitimate. In the body of the opinion the court said:

"Under our statute, no child can be deemed a bastard unless he shall have been both begotten and born out of lawful wedlock. * * * We are of the opinion that Ed. F. Swinney, under the laws of this state, was legitimate, and capable of inheriting both from his deceased father and his collateral relations on his father's side."

At common law and under our statutes, where a question of legitimacy arises, the presumption is in favor of the legitimacy of a person born in wedlock. Section 8022, C. O. S. 1921, provides that all children born in wedlock are presumed to be legitimate. Assuming that the plaintiff had never been married and was capable of contracting a marriage at the time he married defendant, the child would be presumed to be legitimate. He, however, could not lawfully contract a marriage because he had a living wife. When the Legislature said, "the issue of all marriages null in law, or dissolved by divorce are legitimate," we think it intended to make the issue of such void marriages legitimate to the same extent and in the same manner they would have been had the attempted marriage not been void.

In the instant case, if the marriage had

been valid, the child would be presumed to be legitimate although it was begotten before the marriage. Since the mother was capable of contracting the marriage relation and since she in good faith believed the father was capable of contracting the marriage relation, and acting upon this belief a marriage ceremony was performed, and the plaintiff and defendant lived together as husband and wife until some two or three months after the child was born, under section 11303, supra, the child is legitimate.

The judgment of the trial court is affirmed.

HARRISON, LESTER, HUNT, and RILEY, JJ., concur.

Note.—See 7 C. J. p. 948, §19.