## JONES et al. v. HYNDMAN et al.

No. 21210. Opinion Filed Sept. 13, 1932.

Rehearing Denied Nov. 1, 1932.

M. S. Robertson and Bailey & Ham-
merly, for plaintiffs in error.

Melton & Melton, for defendants in error.

RILEY, J. Willis Jones, the father of
plaintiffs in error, was a full-blood Choc-
taw Indian. On July 1, 1910, he was mar-
ried to Cassie Moore, under a marriage li-
cense issued on that day at McAlester,
Okla. The marriage ceremony was performed
by W. A. Treadwell, a Baptist minister.
The certificate of marriage is of record.
The plaintiffs in error, Morton Jones and
Wilbur Jones, are children born of said mar-
riage. Cassie Moore, their mother, was en-
rolled as a Choctaw freedwoman, and it is
agreed that her father was a Chickasaw
Indian and her mother was a negro. The
land involved is the allotment of Willis
Jones.

The trial court found that Willis Jones
was, prior to 1900, lawfully married to
Susan Baker, and that subsequent to said

marriage and before the death of Susan Baker, there was born to said union one child now living, and known as Lena Moonehan, nee Baker.

It was held that upon the death of Willis Jones, Lena Moonehan inherited the whole of the land allotted to Willis Jones, to the exclusion of plaintiffs in error, for the reason that said Willis Jones and Cassie Moore were incapable of entering into the marriage relation under the laws of the state of Oklahoma, and that the children born of the attempted marriage, being persons of African descent, could not inherit from Willis Jones, their father. Title was quieted in J. A. Hyndman, as the grantee of Lena Moonehan, nee Baker.

From these findings and decree, Morton Jones and Wilbur Jones appeal.

The principal question presented is identical with the question decided in Re Adkins' Estate—Atkins et al. v. Rust, Adm'r, et al.—151 Okla. 294, 3 P. (2d) 862. The writer hereof did not concur in the opinion in Atkins et al. v. Rust, supra, and has not receded from the views expressed in his dissenting opinion in that case, but we regard the opinion in that case as controlling in the instant case. A review of the authorities is unnecessary.

Under the rule announced in the majority opinion in Atkins et al. v. Rust, supra, the judgment and decree must be reversed and the cause remanded, with directions to enter judgment for plaintiffs in error for a one-third interest of each in said lands.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS and KORNEGAY, JJ., concur. CLARK, V. C. J., and McNEILL, J., absent.