## In re HEIRSHIP OF ATKINS.
## WADSWORTH et al. v. RUST, Adm'r, et al.

No. 23835.   June 12, 1934.

Rehearing Denied June 26, 1934.

Application to File Second Petition for Rehearing Denied Sept. 11, 1934.

Woodward & Westhafer, Chas. B. Rogers, and W. L. Ransom, for plaintiffs in error.

Newton & Pinson and E. L. Kirby, for defendants in error.

BUSBY, J.   This is the second time the parties to this controversy have presented to this court the question: Can the children born as a result of a void marriage or purported marriage between a negro woman and a white (Indian) man be treated in law as the legitimate offspring of the white (Indian) man?

This question was answered in the affirmative by the first decision of this court. In re Atkins' Estate, also styled Atkins et al. v. Rust et al., 161 Okla. 294, 3 P. (2d) 682. In that case the question was presented in an appeal which determined who could be administrator of the estate of Billie Atkins. In this case the question is presented on appeal from a judgment determining that the issue of the void marriage should participate in the distribution of the estate. The essential facts are stated in the former decision, and will not be restated herein. The question of law is the same. Individually, the writer of this opinion is not in accord with the decision in the former case, but recognizes the same as the established law of this state. The established law in connection with a matter which may affect the title to real estate should not be changed by judicial decision.

The decision of this court in Re Atkins' Estate, supra, will be followed in the case at bar, the syllabus adopted by the court in that case will be adopted herein, and the judgment of the trial court, which is in accord therewith, is hereby affirmed.

CULLISON, V. C. J., and SWINDALL, ANDREWS, OSBORN, and BAYLESS, JJ., concur.   RILEY, C. J., and McNEILL, J., dissent.