Van Buren GREEN, Plaintiff in Error,

v.

Blanche GREEN, Defendant in Error.

No. 37420.

Supreme Court of Oklahoma.

March 26, 1957.

Roger H. Swan, Oklahoma City, for plaintiff in error.

Granville Scanland, County Atty., Oklahoma County, Marian P. Opala, Asst. County Atty., Oklahoma County, Oklahoma City, Ernest S. Roll, Dist. Atty., Los Angeles County, Harold O. Pressman, Asst. Dist. Atty., Los Angeles County, Los Angeles, Cal., for defendant in error.

HALLEY, Justice.

Parties will be referred to according to their positions in the trial court or by name.

Blanche Green and Van Buren Green were married in Dallas, Texas, on September 2, 1951. The parties have not been divorced although Blanche Green did file an action for divorce. On September 3, 1954, Blanche Green gave birth to a child Sylvia Gayle Green.

At the time of his marriage to Blanche Green, said Van Buren Green was married to and undivorced from Hazel Green to whom he was married on July 6, 1942.

On March 11, 1955, Blanche Green filed an action in the Superior Court of Los Angeles County, California, against Van Buren Green for the support of Sylvia Gayle Green and alleged it was the child of Van Buren Green. California and Oklahoma have adopted the Uniform Reciprocal Enforcement of Support Act. West's Ann. Cal.Code Civ.Proc. § 1650 et seq. Ours became effective June 8, 1953. 12 O.S.Supp. 1955 §§ 1600.1–1600.29. The Superior Court of Los Angeles County certified this case to the District Court of Oklahoma County. A summons was issued and served on Van Buren Green. Also an order for child support pendente lite was issued and served. Response to such order was made. Thereafter the matter was set down for trial. After a full and complete hearing the court found that it had jurisdiction of the case and that Sylvia Gayle Green was born as alleged and was a legitimate child of the marriage of Blanche Green and Van Buren Green which marriage was null and void because Van Buren Green was at the time of his marriage to Blanche

Green lawfully married and undivorced from Hazel Green. Van Buren Green was ordered to pay five dollars a week for the support of Sylvia Gayle Green until she became of age or until further order of the court.

From the aforementioned judgment Van Buren Green has appealed.

Three points are raised in defendant's brief:

1. That the minor child involved in this action is illegitimate and the court erred as a matter of law in finding otherwise.

2. The child being illegitimate, the District Court was without jurisdiction to hear and determine this action.

3. Under the terms of the Uniform Reciprocal Enforcement of Support Act, the District Court was without jurisdiction to hear and determine this action regardless of the status of the child.

■ With defendant's proposition one, we cannot agree. Section 215, 84 O.S.1951, provides among other things as follows:

"* * * The issue of all marriages null in law, or dissolved by divorce, are legitimate."

It is unquestioned that plaintiff and defendant went through a ceremonial marriage, were living together as husband and wife when the child was conceived. The foregoing statute has been construed to control in a case of this kind and a child born under such circumstances is legitimate. Jones v. Hyndman, 160 Okl. 61, 15 P.2d 582; In re Atkins' Estate, 151 Okl. 294, 3 P.2d 682, 84 A.L.R. 491; Atkins v. Rust, 168 Okl. 645, 33 P.2d 799; Sisney v. Sisney, 132 Okl. 90, 269 P. 349.

■■ The fact that this provision of our statutes is found under the sections on Wills and Succession does not diminish its force or validity. We agree with the statement in 82 C.J.S., Statutes, § 275, p. 461:

"In general, the location of statutes in particular places in codes does not affect their force or validity."

Certainly no Legislature would intend to say that a child was legitimate as to inheritance and illegitimate as to whom should support it. To us there is no question but that the child involved in this case is legitimate.

Because of our holding on the first proposition we see no necessity to discuss the defendant's second.

■ Neither can we agree with the defendant's third contention that regardless of whether the child involved in this case was legitimate or illegitimate the District Court had no authority to proceed with the case under the terms of the Uniform Reciprocal Enforcement of Support Act. Title 12, Section 1600.21, supra, provides as follows:

"If the court of the responding state finds a duty of support, it may order the respondent to furnish support or reimbursement therefor and subject the property of the respondent to such order. Laws 1953, p. 63, § 21."

■■ The State of Oklahoma is the responding State in this case. We said in Yahola v. Berryhill, 180 Okl. 637, 71 P.2d 968, 972, that the supervision of the courts of this State over the custody and welfare of children is of itself equitable and not strictly legal in its nature. This Court made a further statement in the Yahola case which we think applies to this case and is as follows:

"Both by statute and the common law the father is charged with the support of his minor, unmarried, legitimate child. Such duty is unquestioned. All parties who could be interested or affected were properly before the court. Therefore the court had jurisdiction of the parties. It was within the power of the court to make such orders as would best insure the proper care of the child. The order of support, in our opinion, was a matter within the discretion of the court, and he was empowered to make such order of his own motion, regardless of whether the pleadings sought support money. * * *"

■ Since we find that the District Court of Oklahoma County had jurisdiction in

this matter and both Oklahoma and California have the Uniform Reciprocal Enforcement of Support Act, the provisions of the Oklahoma Act of 1953 apply in this case and will be enforced. For an interesting discussion of similar Acts see Com. ex rel. Shaffer v. Shaffer, 175 Pa.Super. 100, 103 A.2d 430, 42 A.L.R.2d 768.

The judgment of the District Court is affirmed.

WELCH, C. J., CORN, V. C. J., and JOHNSON, WILLIAMS, BLACKBIRD, JACKSON, and CARLILE, JJ., concur.