The Attorney General is in receipt of your request for an opinion wherein you ask the following question: "Is it the duty and responsibility of the District Attorney of the State of Oklahoma to enforce and help collect delinquent child support payments which have been ordered by the court in divorce decrees?" In response to your question, the District Attorney has the duty to use civil processes to enforce the Uniform Reciprocal Enforcement of Support Act, 12 O.S. 1600.1 [12-1600.1] et seq. (1971). The District Attorney has two duties under this act. First, he must represent a person within his jurisdiction to whom a duty of support is owed by a person who currently resides in another county or state. 12 O. S. 1600.12 (1971). The District Attorney initiates this procedure by filing a petition in the district court within his jurisdiction. This petition is then sent to the appropriate court in the county or state where the person owing support is found. 12 O.S. 1600.3 [12-1600.3](h) (1971); 12 O.S. 1600.11 [12-1600.11] (1971); 12 O.S. 1600.14 [12-1600.14] (1971); 12 O.S. 1600.38 [12-1600.38] [12-1600.38] (1971). Green v. Green, Okl., 309 P.2d 276
(1957). Second, the District Attorney must handle the cases under this Act which are sent to his county by other counties or states. 12 O.S. 1600.18 [12-1600.18] (1971); 12 O.S. 1600.38 [12-1600.38] (1971). The District Attorney, after having received the petition for the court in another county or state must attempt to enforce this out-of-county or out-of-state order. 12 O.S. 1600.10 [12-1600.10] (1971); 12 O.S. 1600.18 [12-1600.18](b) (1971); 12 O.S. 1600.19 [12-1600.19] (1971); 12 O.S. 1600.21 [12-1600.21] (1971). The only question, then, is whether the District Attorney has the mandatory duty to use civil processes to enforce child support when both parties reside in the same county in the District Attorney's jurisdiction. This question must be answered in the negative. No statute exists which requires the District Attorney to aid in the collection of child support payments under divorce decrees when both parties reside in the same county within the jurisdiction of the District Attorney. This opinion does not affect the responsibilities of the District Attorney with regard to his duty to enforce the criminal laws respecting the failure of an individual to provide for support of his or her children. 21 O.S. 851 [21-851] (1971); 21 O.S. 852 [21-852] (1975); 21 O.S. 853 [21-853] (1971); 57 O.S. 233 [57-233] (1975). It is, therefore, the official opinion of the Attorney General that the District Attorney has the duty to enforce and help collect delinquent child support payments pursuant to the provisions of 12 O.S. 1600.1 [12-1600.1] — 12 O.S. 1600.38 [12-1600.38] (1971), unless both parties reside in the same county within the District Attorney's jurisdiction. (DAVID W. LEE) (ksg)